USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/11/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT BYRNES,

                Plaintiff,

-against-

YEATS CONSTRUCTION MANAGEMENT, INC.
and MONOMOY FARM, LLC,

                Defendants.

No. 12 CV 05355 (NSR)(LMS)

OPINION & ORDER

Nelson S. Román, United States District Court Judge:

Plaintiff, Robert Byrne ("Plaintiff" or "Byrne") commenced this action against defendants Yeats Construction Management, LLC ("Yeats") and Monomoy Farm, LLC ("Monomoy") (collectively referred to as "Defendants") asserting claims sounding in New York Labor Law § 240(1) and common law negligence.[1] (Docket No. 1). Plaintiff alleges he was retained by Yeats to perform construction repair work on premises owned by Monomoy, and that he sustained injuries as a result of falling from a defective ladder while performing said work. Following Defendants' failure to appear in the action, Plaintiff obtained a default judgment (Docket No. 24) and was subsequently scheduled for an inquest hearing on the measure of damages. Monomoy moves pursuant to Fed.R.Civ.P. §§ 55(c) and 60(b)(1), for an order vacating the default judgement entered against it on the basis that it did not receive notice of the action. For the reasons set forth below, Defendant Monomoy's motion to vacate the default judgment is GRANTED.

---

[1] The action was commence in federal court pursuant to 28 USC §1332 (diversity jurisdiction).

## BACKGROUND

Factual Background

The following facts, which are not in dispute, are taken from the parties' pleadings, submissions in support of and in opposition to the motion to vacate the default, and the court docket. Plaintiff is a resident of Stamford, Connecticut. (*See* Amended Complaint, Facts, ¶ 1.) Defendant Monomoy is a New York limited liability company that operates a horse farm on its property in New York. (*See* NYS Dept. of State, Division of Corp. Filing and Declaration of Michael Minars ("Minars Decl.") ¶ 3.) Defendant Monomoy hired Yeats, a construction company, to perform roof renovation on one of the structures on the property. Plaintiff, a former employee of Yeats, was purportedly injured after falling from ladder while performing these renovations on the Monomoy premises.

Plaintiff commenced the instant action by filing the complaint on July 11, 2012. On July 20, 2012, Plaintiff purportedly effectuated service of process upon Monomoy when it delivered a copy of the summons and complaint to the N.Y. Secretary of State, a duly designated agent. *See* N.Y. CPLR § 311(a); N.Y. BCL § 306. On August 21, 2012, Plaintiff filed an Amended Complaint. By Order to Show Cause, dated May 18, 2015, the Court directed Plaintiff to demonstrate why the action should not be dismissed for failure to file proof of service of the Amended Complaint. (Doc. No. 8.) On June 28, 2015, Plaintiff's counsel filed an affidavit (denominated as Plaintiff's Showing of Cause) wherein he asserts the Amended Complaint did not allege any new claims and that service of the amended pleading was accomplished pursuant to Fed.R.Civ.P. § 5(b)(2)(C).[2] Specifically, Plaintiff's counsel avers service of the Amended Complaint was effectuated on August 15, 2012, when a copy of the document was mailed to Monomoy at its last known address "c/o Rather Family Office, 994 5th Avenue, 9th Floor, New

---

[2] Fed.R.Civ.P. § 5(b)(2)(C) provides in relevant part that a pleading filed after the original complaint may be served by mailing it to the person's last known address. Service is deemed completed upon mailing.

York, NY 10028."[3] Monomoy's time to answer the complaint expired on or about September 5, 2012. *See* Fed.R.Civ.P. § 12(a)(1). On August 8, 2016, following Defendant's failure to appear in the action, the Court entered a default judgement on the issue of liability in favor of Plaintiff and against, *inter alia*, Monomoy. (Doc. No. 25.)

Monomoy moves to vacate the default judgment on the basis that service of process was improper and that it has a meritorious defense (Doc. No. 39).[4] In particular, Monomoy asserts it did not receive notice of the complaint(s) because the mailing address listed with the New York Secretary of State is incorrect. The correct mailing address is "Ratter Family Office, 998 5th Avenue, 9th Floor, New York, NY." Additionally, Monomoy asserts it is not liable to Plaintiff for the injuries he purportedly sustained because the statute, N.Y. Labor Law § 240(1), exempts from liability homeowners of single family dwellings. The building which Plaintiff was making repairs is purportedly a single family residence.

## MOTION TO VACATE A DEFAULT JUDGMENT

A motion to vacate a default judgment is addressed to the sound discretion of the district judge. *United States v. Erdoss*, 440 F.2d 1221, 1223 (2d Cir.1971), *cert. denied*, 404 U.S. 849 (1972); *Standard Newspapers, Inc. v. King*, 375 F.2d 115, 116 (2d Cir.1967). Default judgments are typically viewed as a "severe sanction." *See Cody v. Mello*, 59 F.3d 13, 15 (2d Cir.1995). Since there is a strong preference in favor of resolving matters on the merits, when ruling on a motion to vacate a default judgment, the Court must resolve all doubts in favor of the moving party. *See N.Y. v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). A court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1); *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*,

---

[3] Monomoy's last known address was obtained from the New York Secretary of State Corporate filing.

[4] By letter dated November 16, 2016, Counsel for Monomoy sought a pre-motion conference for the purpose of moving to vacate the default judgment.

374 F.3d 158, 166 (2d Cir. 2004).

The Second Circuit has enumerated three factors the Court must consider in deciding whether to grant a motion to vacate a default judgment pursuant to Rule 60(b): "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the non-defaulting party prejudice." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166-67 (2d Cir. 2004) *citing S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir.1998) (citations omitted). Since default judgments "are generally disfavored and are reserved for rare occasions, the criteria for vacating a default judgment pursuant to Rule 60...should be construed generously." *State St. Bank & Trust Co.* at 168. No one factor is dispositive. *FedEx TechConnect, Inc. v. OTI, Inc.*, No. 12 CIV. 1674 (RJS), 2013 WL 5405699, at *4 (S.D.N.Y. Sept. 23, 2013).

WILLFULNESS

A mere mistake is insufficient to constitute willfulness. *American Alliance Ins. Co. Ltd. v. Eagle Ins.*, 692 F.3d 57, 61 (2d Cir. 1996). Similarly, mere negligence or carelessness is insufficient to support a finding of willfulness. *McNulty* at 738. "The degree of negligence in precipitating a default is a relevant factor to be considered." *Green*, at 108 (internal citations omitted). Willfulness, however, may be found where conduct is "egregious and ... not satisfactorily explained." *Id.* "Courts have held the default to be willful when a defendant simply ignores a complaint without action." *Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*, 316 Fed.Appx. 51 (2d Cir. 2009). Gross negligence may constitute willful conduct such that it may weigh against the party seeking relief from a default judgment, though it may not necessarily preclude relief. *See Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). An attorney's willful default may be imputed to a client, if the client cannot show that he attempted to monitor counsel's handling of the lawsuit. *McNulty at* 732.

MERITORIOUS DEFENSE

When deciding a motion to vacate a default judgment, the court must consider whether defendant has asserted a meritorious defenses to the well-pleaded allegations in plaintiff's complaint. *See State St. Bank & Tr. Co.*, at 166-67. "[T]he defendant need not establish his defense conclusively, but ... must present evidence of facts that, if proven at trial, would constitute a complete defense." *McNulty* at 740 (citation and internal quotation marks omitted); *see also Am. Alliance Ins. Co., at* 61 (2d Cir. 1996) ("A defense is meritorious if it is good at law so as to give the factfinder some determination to make.") (internal citations omitted). As the movant, defendants bear the burden of presenting evidence establishing a complete defense. *See Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam) (citing *State St. Bank & Tr. Co.*, at 167). This standard applies regardless of whether there has been an evidentiary hearing or an opportunity for discovery. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993).

PREJUDICE

In assessing the prejudice factor, the court must address "whether and to what extent vacating the default judgment will prejudice the non-defaulting party." *Green* at 110. Some delay is inevitable when a motion to vacate a default judgment is granted; thus, "delay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler*, 713 F.2d 907, 916 (2d. Cir. 2002). Delay which "may thwart plaintiff's recovery or remedy may constitute prejudice." *Green* at 110. Delay which may result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion rises to the level of prejudice. *Davis*, at 916 *citing* 10A Charles A. Wright, et al., Fed. Practice & Procedure: Civil § 2699, at 169 (3d ed.1998).

DISCUSSION

In support of its motion to vacate the default judgement, Monomoy submits the sworn statements of Michael Minars ("Minars"), the Chief Financial Officer ("CFO") of the Rattner Family Office, which oversees the operations of Monomoy, and Julia C. Green, Esq. ("Green"), former counsel to Monomoy.

Minars avers, in relevant part, Monomoy is a horse farm located in North Salem, N.Y. The property is owned and used by the Rattner Family for recreational horse riding and is not used for commercial purposes. In 2009, Monomoy hired Yeats to perform construction work on a single-family farm house located on the property. Plaintiff received notice of the lawsuit sometime after entry of the default judgment and the inquest was held.

Minars further avers the Rattner Family office business address is "998 Fifth Avenue, 9th Fl., New York, NY. The address noted in the Secretary of State Registration, "Rather Family Office, 994 5th Avenue, 9th Fl., New York, NY 10028,"is incorrect. Monomoy was unable to locate its original submission to the Secretary of State but, "upon information and belief," the correct address was submitted. Monomoy was unaware that an incorrect service address was maintained by the Secretary of State. The Monomoy administrative staff purportedly electronically signed the state biennial recording statements, pre-filled forms, but did not affirmatively provide incorrect information to the Secretary of State. At best, Monomoy's failure to properly review and correct the Secretary of State biennial recording statement was mere negligence.

Green avers she is an attorney who formerly worked for the law firm of Lankler Siffert and Wohl . On September 26, 2013, she appeared with Minars, Monomoy's representative, at a Worker's Compensation hearing involving Plaintiff's fall. Monomoy was not a party to the hearing but Minars was subpoenaed to testify as a witness. Plaintiff's counsel, Jeremy Virgil, was present at the hearing and never mentioned the instant lawsuit.

Plaintiff opposes Monomoy's application. Plaintiff asserts Monomoy failed to demonstrate entitlement to the relief sought because it has not met its burden. Plaintiff asserts Monomoy's default was willful due to its failure to maintain an accurate mailing address with the Secretary of State. Plaintiff submits a copy of the N.Y. Secretary of State filing and two biennial statements (January 2013 and 2015) which list Monomoy's mailing address for service of process as "Rather Family Office, 994

5th Av, 9th Fl, New York, NY." (Plaintiff's Memorandum of Law in Opposition, Exhs. F and G). Plaintiff suggest that despite receiving two biennial statements, Defendant made little to no effort to ensure the information it provided to the Secretary of State was correct.

In addition to providing notice through service of process, Plaintiff asserts Monomoy was aware of the lawsuit through its interaction in the N.Y. Worker's Compensation Board administrative proceeding. Plaintiff, concurrently with this action, sought worker's compensation benefits as a result of his fall from the ladder. Minars and Monomoy's former counsel appeared in the administrative hearing.

Plaintiff also asserts Monomoy fails to proffer a meritorious defense to the lawsuit. Contrary to Minars' assertion, Monomoy operates a commercial business, a horse boarding establishment on the premises. In support of its claim, Plaintiff submits what purports to be a copy of a resolution passed by the Town of North Salem which granted Monomoy a "Special Permit for the construction and operation of a commercial boarding facility." (Plaintiff's Memorandum of Law in Opposition, Exh. I). The permit further provides "[t]here shall be *no* (emphasis added) principal residence on the property." The permit also provides for a "groom's quarters which will consist of 1 bedroom, 1 bathroom and 1 living room." Notably, the permit makes no reference to a kitchen for the groom's unit.

Plaintiff asserts that he will be unduly prejudiced because Defendant is merely attempting to delay payment of compensation (*See* Opp. memo at p. 23), however, such assertion is made in conclusory fashion. While some delay is inevitable when a motion to vacate a default judgment is granted, for such delay to constitute prejudice more is required . *Davis*, 713 F.2d at 916. Plaintiff commenced the action approximately four years ago. However, a significant portion of that time is attributable to Plaintiff's failure to prosecute his claims in an efficient manner. Only a mere six months have passed since entry of the default. Accordingly, the Court finds a lack of prejudice.

Defendant Monomoy asserts that it has a meritorious defense to Plaintiff's claim, namely that the premises involved is a single family dwelling and thus, can not be held liable for any personal injury

claims asserted pursuant to N.Y. Labor Law 240(1). N.Y. Labor Law § 240(1), commonly referred to as the scaffold law, provides that "[a]ll contractors and owners and their agents" shall furnish or erect, or cause to be furnished or erected scaffolding, hoists, stays, ladders and other devices which shall be so constructed, placed and operated as to give proper protection to construction workers employed on the premises. *Ross v. Curtis-Palmer Hydro-Electric Co.*, 81 N.Y.2d 494, 500 (1993). The statute is intended to guard against the lack of adequate protection to workers from certain elevation-related hazards. *Id.* To establish liability under the statute, a plaintiff must show: (1) the existence of an elevation-related hazard of the type encompassed by the statute, and (2) an injury proximately caused by the absence of proper protection from the hazard. *See Wilinski v. 334 E. 92nd Hous. Dev. Fund Corp.*, 18 N.Y.3d 1, 7 (2011). The statute imposes the responsibility for safety practices on those best situated to bear that responsibility, homeowners and contractors. *Id. citing Zimmer v. Chemung County Performing Arts*, 65 N.Y.2d 513, 520 (1985).

The statute creates a non-delegable duty upon owners and contractors regardless of whether they actually exercised supervision or control over the work. *See Haimes v. New York Tel. Co.*, 46 N.Y.2d 132, 136–137 (1978); *Ross v. Curtis Palmer Hydro Elec. Co.*, 81 N.Y.2d at 500. Homeowners and contractors are held strictly liable upon a showing of statutory violation and proximate cause. *Blake v. Neighborhood Hous. Servs. of N.Y. City, Inc.*, 1 N.Y.3d 280, 287 (2003); *see also Steinman v. Morton Int'l, Inc.*, 519 F. App'x 48, 50 (2d Cir. 2013) (the statute imposes strict liability on contractors and building owners for failure to provide adequate protection to workers from certain elevation-related hazards). Of relevance to this case, the statute specifically exempts from liability "owners of one or two-family dwellings who contract for but do not direct or control the work." N.Y. Labor Law § 240(1); *Pollack v. Safeway Steel Prod., Inc.*, 457 F. Supp. 2d 444, 451 (S.D.N.Y. 2006).

In support of its motion to vacate, Defendant submits the sworn statement of Minar who avers the structure upon which Plaintiff was working and injured is a single family dwelling. Plaintiff, in

opposition, submits an uncertified document which purports to establish the property's use is strictly commercial in nature. In its analysis, the Court must be mindful, that in a motion to vacate a default, defendant need not establish his defense conclusively, but must merely present evidence of facts that, if proven at a trial, would constitute a complete defense." *McNulty*, at 740 (1996); *see also American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) ("A defense is meritorious if it is good at law so as to give the factfinder some determination to make.") (citation and internal quotation marks omitted).

In determining whether a building constitutes a family dwelling under NY Labor Law § 240(1), "the physical characteristics of the building and its suitability for one- or two-family habitation are by no means controlling. Rather, a court must look to the use to which the defendants have put the property." *Sweeney v. Sanvidge*, 271 AD2d 733, 734 (3rd Dept. 2000) *citing Van Amerogen v. Donnini*, 78 NY2d. 880 (1991). The New York Court of Appeals has "avoided an overly rigid interpretation of the homeowner exemption" and has employed a "flexible" standard. *Bartoo v. Buell*, 87 NY2d 362, 367–68 (1996). In *Bartoo*, the Court of Appeals noted that under certain circumstances" a residence that houses a business may nevertheless retain its character as a home" and still qualify for the homeowner's exemption. *Id.* at 368. The Court concluded that "when an owner of a one- or two-family dwelling contracts for work that directly relates to the residential use of the home, even if the work also serves a commercial purpose, the owner is shielded by the homeowner exemption from the absolute liability of Labor Law § 240." *Id.* at 369. Accordingly, "the existence of both residential and commercial uses on a property does not automatically disqualify a dwelling owner from invoking the exemption." *Cannon v. Putnam*, 76 NY2d. 644 (1990). New York courts usually examine whether "the property is held out as a business asset such that it is used by the owner in furtherance of an enterprise whose purpose is derivation of financial and business gain," *Sanchez v. Marticorena*, 45 Misc.3d 1210(A) *citing Pigott v. Church of the Holy Infancy*, 179 AD2d. 161(3rd Dept. 1992); *see also, Sweeney*, at 735.

Here, Defendant-movant raises a genuine dispute concerning the character and purpose of the subject premises. While the Plaintiff has proffered some evidence, though not in admissible form, that the premises are used for a commercial purpose, Defendant has submitted a sworn statement from its CFO attesting to the structure being a "single-family farm house." Since the party seeking to vacate a default need only present evidence of facts that, if proven at trial, would constitute a complete defense (*McNulty*, at 740), Defendant has met its burden to assert a meritorious defense.

Lastly, the Court must consider whether Defendant's conduct in failing to appear and answer the complaint was willful. N.Y. BCL § 304 provides, in relevant part, the secretary of state shall be the agent of every domestic corporation upon whom process against the corporation may be served. The designation of the Secretary of State as an agent for service of process is mandatory such that "[n]o domestic corporation may be formed or authorized to do business in New York unless in its certificate of incorporation or application for authority it designates the secretary of state as such agent. N.Y. B.C.L. § 304(b). N.Y. C.P.L.R. § 311(a) provides personal service upon a corporation shall be made by delivering the summons upon any domestic corporation to an agent authorized by appointment or by law to receive service.

N.Y. B.C.L. § 306 (b)(1) permits service of process on the secretary of state as agent of a domestic corporation by personally delivering to and leaving with the secretary of state, or any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee. Service is deemed completed upon delivery of the summons and complaint, and payment of the appropriate fee. *Perkins v. 686 Halsey Food Corp.*, 36 A.D.3d 881 (2007). Applying the statutory standard, it appears Plaintiff properly effectuated service of process upon Defendant via an authorized agent, the Secretary of State.

The inquiry that follows is whether Defendant's failure to maintain the correct mailing information with the Secretary of State may be deemed willful. In *Swift Spinning Mills v. B & H Apparel*, Nos. 00 Civ. 652, 02 Civ. 6131(AKH), 2003 WL 942610, at *1 (S.D.N.Y. Mar. 6, 2003), *aff'd*

*sub nom.* 96 F. App'x 761 (2d Cir. 2004), the Court found the defendant's failure to notify the Secretary of State of its new address was willful under Rule 60(b). The learned Honorable Alvin Hellerstein opined "defaults caused by negligence may in some cases be excusable." *Id.* citing *Am. Alliance Ins. v. Eagle Ins.*, 92 F.3d 57, 60 (2d Cir.1996) (internal citations omitted). The court held the corporate defendant's failure to notify the secretary of state of its change of address non-excusable in part because defendant was "well aware of the issues with plaintiff, and that plaintiff could possibly move to sue," yet made "no effort to notify anyone." *Id.*

Similarly, in *In re Martin-Trigona*, 763 F.2d 503 (2nd Cir. 1985), a named corporate debtor challenged the propriety of service effectuated upon it's agents and their address as listed with the Connecticut Secretary of State. Service was performed in accordance with former BR 704(c), now Rule 7004(b). The statute permits service of process in a bankruptcy proceeding by first class mail upon a domestic or foreign corporation, doing business in Connecticut, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.[5] BR Rule 7004 (b). Though the debtor challenged the validity of Rule 704 (which the court deemed a meritless argument), the court held service was proper. *Id.* Worthy of notice, the court deemed the failure to collect corporate mail or change (update) the mailing address with the secretary of state, for service of process, to be "a willful disregard of legal process and a willful default." *Id.* at 506.

---

[5] Conn. Gen. Stat. § 33–660 requires each corporation to file an annual report with the Secretary of State (as provided in Section 33-953) which lists (1) A registered office that may be the same as any of its places of business; and (2) a registered agent at such registered office, who may be: (A) A natural person who is a resident of this state; (B) a domestic corporation; ( C) a foreign corporation which has procured a certificate of authority to transact business or conduct its affairs in this state; (D) a domestic limited liability company; (E) a limited liability company not organized under the laws of this state and which has procured a certificate of registration to transact business or conduct its affairs in this state; (F) a domestic registered limited liability partnership; (G) a registered limited liability partnership not organized under the laws of this state and which has procured a certificate of authority to transact business or conduct its affairs in this state; (H) a domestic statutory trust; or (I) a statutory trust not organized under the laws of this state and which has procured a certificate of registration to transact business or conduct its affairs in this state. The appointment of such registered agent shall be in writing and shall be signed by the registered agent therein appointed. If a natural person is appointed as the registered agent, such appointment shall include the residence address of such person.

In the present case, Monomoy not only asserts that it was unaware that an incorrect mailing address was listed with the secretary of state but suggest that it's failure to review and make the necessary corrections on two subsequent secretary of state biennial recording statements amount to nothing more than an excusable mistake. While the failure to ensure the initial recording statement contained the correct mailing address may be viewed as a mere mistake or something short of negligence, the repetitive failure to correct the biennial recording statements must be viewed as more than negligence. In the context of a motion seeking to vacate a default, such failures constitute willful conduct.

## CONCLUSION

Upon balancing the relevant factors identified by the Second Circuit, Defendant's motion to vacate the default judgment is GRANTED. Defendant Monomoy is directed to file an answer within twenty-one (21) days of this order. The parties are directed to appear before the Court on October 6, 2017 at 12:30 p.m. for an Initial Status Conference ("ISC"). Prior to the Court appearance, the parties are directed to confer and prepare a proposed Case Discovery and Scheduling Order ("Proposed Discovery Order") which provides that all discovery shall be completed within nine months. The Proposed Discovery Order shall presented to the Court at the ISC. The clerk of the court is directed to terminate the motion at Doc. No. 39.

This constitutes the Court's Order.

Dated: September 11, 2017
White Plains, NY

Judge Nelson S. Román
U.S. District Court, S.D.N.Y.