```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/11/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT BYRNE,

                            Plaintiff,

-against-

YEATS CONSTRUCTION MANAGEMENT, INC,
and MONOMOY FARM LLC,

                            Defendants.

No. 12 Civ. 5355 (NSR) (AEK)

ORDER ADOPTING REPORT AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

Plaintiff Robert Byrne ("Byrne") commenced this action on July 11, 2012 against Defendants Yeats Construction Management, Inc. ("Yeats") and Monomoy Farm LLC ("Monomoy Farm"), asserting claims of strict liability under the New York Labor Law ("NYLL") and negligence under New York common law. (ECF No. 5 ("Amended Complaint").) After the Court entered a default judgment against both Defendants on August 5, 2016, this case was referred to Magistrate Judge Lisa Margaret Smith for an inquest on damages (ECF Nos. 25, 26.)[1] Following the inquest hearing, which was conducted on November 3, 2016, Defendant Monomoy Farm successfully moved to vacate the default judgment. (ECF No. 51.) After conducting discovery, Monomoy Farm filed a motion for summary judgment, which was granted in part and denied in part. (ECF No. 83.) Plaintiff then settled his claims with Monomoy Farm, and a stipulation of voluntary dismissal was so ordered on June 17, 2019, thereby dismissing Monomoy Farm from the action. (ECF Nos. 91, 94.)

---

[1] Plaintiff and Defendant Monomoy Farm LLC had consented to the jurisdiction of Magistrate Judge Lisa Margaret Smith for all purposes pursuant to 28 U.S.C. § 636(c). Defendant Yeats, which never entered an appearance, did not consent to Magistrate Judge Smith's jurisdiction. Therefore, as correctly indicated in the Report and Recommendation, the inquest on damages from the default judgment must be decided by way of a report and recommendation. *See Vilato v. The City of Yonkers*, No. 13-cv-5825 (NSR) (PED), 2016 WL 6271889, at *1 n.1 (S.D.N.Y. June 9, 2016), *adopted by* 2016 WL 6269607 (S.D.N.Y. Oct. 26, 2016); *see also* ECF No. 95 at 2.

Pursuant to Magistrate Judge Smith's August 7, 2019 order (ECF No. 95), Plaintiff filed papers under seal in support of its remaining damages claims against Yeats, including medical records. (ECF Nos. 102–07.). Yeats failed to file any response to Plaintiff's submission or and has not otherwise contacted the Court. On October 14, 2020, the case was reassigned to Magistrate Judge Andrew Krause ("Judge Krause"). On January 19, 2022, Judge Krause issued a Report and Recommendation (ECF No. 108 ("R&R")), recommending that the Court enter a monetary judgment in favor of Plaintiff in the amount of $788,299.58, plus post-judgment interest in accordance with 28 U.S.C. § 1961.[2]

For the following reasons, the Court ADOPTS Judge Krause's R&R in its entirety, and enters judgment accordingly.

## BACKGROUND

The Court presumes familiarity with the factual and procedural background of this case. Further details can be found in the R&R, which this Court adopts.

To briefly summarize the facts, Plaintiff was hired by Yeats, a contractor, to work on a construction project involving the repair and/or alteration of buildings located at a property owned by Monomoy Farms and located in North Salem, New York. While working on premises, Plaintiff fell fifteen feet from a ladder and sustained the following alleged injuries: (1) comminuted fractures of the left heel bone, requiring multiple surgeries; (2) multiple infections; (3) swelling in the left foot; (4) loss of vertical stature; (5) general shock to his nervous system; and (6) anxiety and apprehension about his mental and physical conditions. The ladder had been provided by

---

[2] As Judge Krause correctly notes, while "New York law protects non-settling tortfeasors from paying more than their equitable share," such protection must be plead as an affirmative defense. *RLI Ins. Co. v. King Sha Grp.*, 598 F. Supp. 2d 438, 446–47 (S.D.N.Y. 2009) (citing New York General Obligations Law § 15-108). "The non-settling defendant bears the burden [] of establishing the extent to which a recovery against it would be duplicative of the plaintiff's recovery from the settling defendants." *Id*. at 447. Where a non-settling defendant has defaulted, New York courts "have decided that the windfall should not accrue to the benefit of the party who has refused to participate in litigation." *Id*. (internal citation and quotation omitted).

Monomoy Farm, and both Monomoy Farm and Yeats provided Plaintiff with certain supplies to complete work on premises.

In the Amended Complaint, Plaintiff asserts one claim against Yeats under NYLL § 240 for "fail[ing] to offer the plaintiff any safety equipment, including but not limited to a harness, hard hat, slings, hangers, blocks, pulleys, braces, irons, and/or ropes, while the [P]laintiff was elevated on a ladder repairing and/or altering the buildings located at 806 Peach Lake Road, North Salem, New York . . . ." (Amended Complaint ¶ 17).

To date, Yeats has failed to appear and no objection to the R&R has been filed.

## LEGAL STANDARDS

### *Standard of Review*

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008)

("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")).

To the extent a party makes specific objections to an R&R, a district court must review those parts *de novo*. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Mate Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In *de novo* review, district courts must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5Q66, 2008 WL 772568, at *6 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 WL 152136, at *1 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Here, Judge Krause issued the R&R on January 19, 2022. The parties had until February 2, 2022 to file objections, but neither filed any. In the absence of any objections, the Court has reviewed Judge Krause's R&R and found no clear error.

The Court notes that Plaintiff seeks a total of $1,154,887.76 in damages comprised of (1) $98,887.76 for medical expenses incurred for treatment of his injuries; (2) $56,000 for lost wages

4

($1,000 per week for 56 weeks); (3) $1,000,000 for pain and suffering; and (4) $350 for the case filing fee. (R&R at 10–11).

First, regarding medical expenses, Judge Krause recommends, upon review of the record and Judge Krause's calculations, awarding $59,267.02 rather than the $98,887.76 Plaintiff requests. (R&R at 13.) Judge Krause determined that based on the documentary record, the medical expenses amounted to $154,107.06, but that amount must be subtracted by $94,840.04 to account for payments and adjustments made by workers' compensation and other sources. (*See* R&R at 11–12.) Judge Krause correctly determined that under New York C.P.L.R. § 4545, Plaintiff is not entitled to any recovery for medical expenses already covered by collateral sources such as workers' compensation or insurance. *See* N.Y. C.P.L.R. § 4545; *see also Boykin v. W. Express, Inc.*, No. 12CV7428NSRJCM, 2016 WL 8710481, at *8 (S.D.N.Y. Feb. 5, 2016) ("the collateral source rule—CPLR 4545(a)—provides for a reduction in a damage award for expenses that have been or will be paid by a collateral source, in order to prevent a windfall to Plaintiff."). The Court finds no clear error in Judge Krause's determination of the medical expenses award.

Second, regarding lost wages, the R&R cites to both Plaintiff's affidavit and inquest hearing testimony, where Plaintiff testified that he seeks lost wages of $56,000 calculated from his $1,000 in weekly earnings and his 14 month absence from work. (R&R at 13.) The Court finds no clear error in Judge Krause's recommendation that Plaintiff be awarded $56,000 in lost wages. (*Id*.) *See also Norcia v. Dieber's Castle Tavern, Ltd.,* 980 F. Supp. 2d 492, 502 (S.D.N.Y. 2013) ("loss of past earnings is established by calculating the income that the plaintiff lost between the time of her injury and the determination of her damages"); *id*. at 503 ("Damages for loss of past earnings may be awarded based solely on plaintiff's testimony without supporting documentation.") (internal quotation and citation omitted).

5

Third, with respect to damages for pain and suffering, Judge Krause recommends awarding $312,859.06 in past pain and suffering and $359,823.50 in future pain and suffering, rather than the $1 million that Plaintiff seeks, which does not differentiate between past and future pain and suffering.  (*See* R&R at 13, 17, 20.)  Based on Judge Krause's careful review of analogous cases, the Court finds that there is no clear error in Judge Krause's recommendation regarding damages for past and future pain and suffering.  (*Id*. at 13–20.)

Fourth, on the $350 filing fee, the Court agrees with the R&R that such costs should be awarded.  *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").

Finally, the Court agrees with the R&R that because the Amended Complaint did not include a demand for pre-judgment interest, the Court need should not award it.  *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").  However, as indicated by the R&R, post-judgment interest is required pursuant to 28 U.S.C. § 1961.  *See Bleecker v. Zetian Sys., Inc*., No. 12-cv-2151 (DLC), 2013 WL 5951162, at *2 (S.D.N.Y. Nov. 1, 2013) ("Although the Complaint did not seek relief in the form of post-judgment interest, such relief is mandatory under federal law.") (*citing Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004)); *Cappiello v. ICD Publ'ns. Inc*., 720 F.3d 109, 112 (2d Cir. 2013) ("we now hold that, under § 1961, federal district courts must apply the federal rate of post-judgment interest to judgments rendered in diversity actions").

Accordingly, the Court finds no clear error on the face of the R&R, and thus adopts Judge Krause's R&R in its entirety.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Krause's R&R in its entirety and directs the Clerk of the Court to enter judgment in favor Plaintiff and against Defendant Yeats in the amount of $788,299.58, plus post-judgment interest in accordance with 28 U.S.C. § 1961. Plaintiff must serve Defendant Yeats with a copy of this Order, including copies of any unpublished decisions cited herein, at its last known address, and must file appropriate proof of service on or before November 10, 2022.

Accordingly, the Clerk of the Court is respectfully directed to CLOSE this action.

Dated: October 11, 2022
       White Plains, NY

SO ORDERED:

_____
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE